Filed 3/28/25  P. v. Dimas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>HOGER DIMAS,<br><br>      Defendant and Appellant. | B340107<br><br>(Los Angeles County<br>Super. Ct. No. KA131983) |

THE COURT:

Defendant and appellant Hoger Dimas (defendant) appeals the judgment entered after a jury convicted him of driving or taking a vehicle without the owner's consent in violation of Vehicle Code section 10851, subdivision (a), as charged in the information.  After his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues, we notified defendant on December 9, 2024, of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  Following the procedure set forth in *Wende*, we have independently reviewed the entire record for

arguable issues. As we have found no such issues, we affirm the judgment.

## BACKGROUND

In January 2023, defendant was charged with driving or taking a vehicle without the owner's consent in violation of Vehicle Code section 10851, subdivision (a). On August 6, 2024, a jury found defendant guilty as charged. The trial court suspended imposition of sentence and placed defendant on two years felony probation. Conditions included serving 210 days in county jail with 32 days presentence custody credit. Defendant was ordered to pay fines and fees in the amount of $371, restitution, and to abide by the terms of probation. Defendant filed a timely notice of appeal from the judgment.

Prior to defendant's jury trial, several motions were filed on his behalf. We have reviewed the motions, including a "*Pitchess* motion"[1] for discovery of police officer Jesus Carillo's confidential personnel records. The motion was granted as to evidence of dishonesty only. After an in camera review of the officer's file, the trial court denied discovery.

At trial the prosecution's first witness was Officer Carrillo. He testified that late at night on May 22, 2021, he observed a Chevy Cruze automobile that had been reported stolen. He followed the car as it sped up to 60 miles per hour. After the Cruze stopped at a dead end, the driver got out. Officer Carrillo illuminated the scene with his spotlight and called, "Police. Stop." The driver looked straight at the officer before he ran away. Officer Carrillo was able to describe the man to dispatch, and he later identified defendant in court as the driver. Officer Carrillo radioed for assistance and described defendant

---

[1]     See *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. A *Pitchess* motion "allow[s] criminal defendants to seek discovery from the court of potentially exculpatory information located in otherwise confidential peace officer personnel records." (*People v. Superior Court (Johnson)* (2015) 61 Cal.4th 696, 705.)

as a Hispanic male, wearing a surgical mask, a black hat, a black hoodie with a gray shirt underneath, black-and-white shoes, and what appeared to him to be black jeans. Despite the mask, Officer Carillo could see defendant's long, thick beard.[2]

In response to a radio call, Officer Carrillo went to a location about a block away where he saw defendant being detained by approximately five officers. Defendant was dressed the same as when he was near the Cruze. Officer Carrillo recognized defendant almost immediately, and was 100 percent certain of his identification. There was a small BMX bicycle about 10–15 feet away from defendant. The bicycle appeared to be nonfunctional, with a flat rear tire and a missing front tire with only the rim. Without mentioning a car, Officer Carrillo asked defendant why he ran from him. Defendant denied running from the car, adding "I don't have a car. I only ride a bike," as he pointed at the nonfunctional bicycle.

Iliana Alvarado, the registered owner of the Cruze, testified the only persons with permission to drive the car were her daughter and herself. When she and her daughter could not find the car and keys on May 21, 2021, she called the police and reported the car missing. The next day the police called and told her where the car was located and instructed her to pick it up or they would have it towed. When she arrived, the car was functional but the interior was damaged. Inside she found a bicycle, bottles to recycle, clothing, a lot of trash, a backpack and a bag of medications. A prescription bottle had the name Hoger Dimas on it, although she gave the police only the first name, Hoger, and she threw it away along with everything else she found in the car.

---

[2]     Officer Carrillo also observed a passenger in the car. As the car engine was still running, the female passenger was detained at gunpoint for about 20 minutes, until backup arrived.

Defendant testified that about 12:30 a.m. on May 22, 2021, he left his friend's shop in Irwindale where he was living, and got on his bicycle to collect plastic bottles from the trash bin of a local business which allowed him to recycle for money. He claimed to have arrived before 2:00 a.m., when it opens. The shop closed at 11:00 a.m. He testified that on his way, police cars passed him and about 10 minutes into collecting bottles, he heard sirens and saw the reflection of lights nearby. Defendant walked into the street holding his bicycle, which he claimed was fully intact and functional, adding that Officer Carrillo lied when he said otherwise, and claimed it was a rare, 1981 BMX GT with whitewall tires worth $6,000, given to him by a friend.

As defendant emerged on to the street a female officer said, " 'Freeze, put your hands up, throw your bike down, and walk towards my voice.' " The officer then patted him down and had him sit on the curb handcuffed, and another officer asked what he did with the car. Defendant replied, "What car?" Defendant testified when the police detained him he had both his bicycle and a bag of recyclables with him.

Defendant admitted his beard was long that night and has since been shortened. However, he denied having worn a mask, and identified his booking photograph in which he is wearing a gray shirt, not a black hoodie. Defendant testified he stabbed himself in the right eye with a needle when he was three years old and lost vision in it.

On rebuttal, Officer Carrillo testified he saw defendant's eyes but could not see the condition in the field, as it was dark. Later, at the station, when Officer Carrillo gave defendant his *Miranda* warnings[3] he clearly saw defendant's eyes. He did not mention the eye in the report he wrote later because it was based on the identification he broadcast in the field.

During summation, defense counsel said, " 'If you couldn't see his glass eye, why should we believe you that you saw everything else and

---

[3]     See *Miranda v. Arizona* (1966) 384 U.S. 436, 444–445.

why should we believe you that you can ID my client as the driver?' "
Defendant then blurted out, " 'It's not a glass eye, it's a real eye.  It just
turned like that.' "

We have examined the entire record and are satisfied defendant's
appellate counsel has adequately complied with his responsibilities and
no arguable issue exists.  We conclude defendant has, by virtue of
counsel's compliance with the *Wende* procedure and our review of the
record, received adequate and effective appellate review of the
judgment entered against him in this case.  (*Smith v. Robbins* (2000)
528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

_____

ASHMANN GERST, Acting P. J.     CHAVEZ, J.      RICHARDSON, J.